## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES SHEPPARD,

Plaintiff

v.

OFFICER SCHULTZ, *et al.*,

Defendants.

OPINION AND ORDER

14-cv-797-slc

---

On March 14, 2016, I issued an order granting *pro se* plaintiff Charles Sheppard leave to proceed on claims that Officer Schultz and Nurse Schaffer violated his rights under the Eighth Amendment and state law by denying him access to his prescription seizure medication and causing him to suffer severe seizures and injury.  I dismissed several other defendants from the case because Sheppard's allegations did not support an inference that these defendants were personally involved in any violation of his rights.

Sheppard now has filed a motion for reconsideration of the dismissal of defendants Paul Sumnicht, a prison doctor, and Belinda Schrubbe, the HSU Manager at Wisconsin Secure Program Facility.  (Dkt. 22.)  He has also filed a motion for assistance in recruiting counsel. (Dkt. 23.)  Both motions are resolved below.

### I.        Motion for Reconsideration

Sheppard argues that, although it may not have been clear in his original complaint, Dr. Sumnicht was the person who actually made the decision to discontinue Sheppard's seizure medication.  Based on this clarification, Sheppard will be permitted to proceed on an Eighth Amendment and state law negligence claim against Dr. Sumnicht.

With respect to defendant Schrubbe, Sheppard says that his allegations support a claim that she failed to properly train medical staff regarding the discontinuation of medication and that she failed to insure that medication was not erroneously discontinued.  However, as I explained previously, a supervisor may be held liable under 1983 only if he or she is "personally responsible for the deprivation of the constitutional right." *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (quoting *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). This means that the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see[.]" *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988)).  Additionally, a supervisor may be liable for flawed policies or deficient training, over which the supervisor had control if the policies or training amount to deliberate indifference to the rights of persons affected by the policies or inadequate training.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).  Sheppard's allegations do not permit an inference that Schrubbe approved, condoned, or turned a blind eye to the denial of Sheppard's seizure medication, or even that Schrubbe was aware that Sumnicht canceled Sheppard's seizure medication.  Sheppard has not alleged that Schrubbe was responsible for reviewing, approving or second-guessing every treatment decision, or every decision regarding medication in particular, by physicians or other medical providers at the prison.  His allegations also do not suggest that Schrubbe knew or should have known that policies relating to the discontinuation of medication could result in inmates suffering a substantial risk of serious harm.  Without such allegations, it is not reasonable to infer that Schrubbe acted with deliberate indifference to the serious

medical needs of Sheppard or other inmates.  Accordingly, Sheppard may not proceed with his claims against Schrubbe.

## II.     Motion for Assistance in Recruiting Counsel

Sheppard asks the court to assist in him recruiting counsel, stating that: (1) he has mental illnesses, a neurological disorder and other medical conditions that cause him seizures and affect his ability to concentrate and understand legal standards; (2) he has been relying on the assistance of another inmate who can no longer help him; and (3) this is a complex case that will require an expert that he does not have the ability to hire.  Sheppard has complied with the preliminary requirement of showing that he made reasonable efforts to find a lawyer on his own, providing the names and addresses of various attorneys who denied his requests for representation.  The next question, then, is whether the complexity of the case exceeds his ability to litigate.  *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007).  It is too early to make that determination in this case.

Sheppard is understandably concerned that he may not be able to litigate this case himself because of his various medical and mental health issues.  However, Sheppard's submissions to date show no evidence that his mental or medical health issues have interfered with his ability to litigate.  Rather, his submissions have been legible, coherent and focused on relevant issues, suggesting that he is at least as capable as the average *pro se* litigant to present his claims.  Additionally, although Sheppard says another inmate who assisted him has dropped out of the picture, this, by itself, is not enough to justify recruiting counsel.  This court needs

3

to see how Sheppard does no his own before it can evaluate Sheppard's ability to litigate this case on his own.

Sheppard's concerns about the complexity of the case are understandable.  It is true that some medical care lawsuits present complex issues that require testimony from experts, but not all of them are complex and not all of them require experts.  It is too early to make that determination in Sheppard's case.  Sheppard's claims are pretty straightforward.  His claims arise out of one instance in which a medication was discontinued, followed by adverse consequences, followed by reinstatement of the prescription.  Thus, Sheppard's claims relate to a narrow set of events within a narrow time-frame.  It is too early in this lawsuit for the court to conclude that Sheppard's claims are so complex that he needs the assistance of counsel to engage in discovery or to respond to any motions filed by defendants.

In sum, the court is not persuaded that Sheppard's case is so complex or his skills so lacking that recruitment of counsel is warranted at this time.  That said, Sheppard's claims have just recently been outlined by the court and defendants have not yet filed an answer.  After they do, I will hold a telephonic preliminary pretrial conference at which I will outline for Sheppard how this court handles lawsuits like this, including instructions on how to conduct discovery and stay on top of his deadlines.  During this conference and in the months that follow, I will have a better opportunity to evaluate whether litigating this case without a lawyer is beyond Sheppard's abilities.  Meanwhile, if the issues in this case turn out to be more complicated than they appear now, Sheppard should feel free to renew his motion.

ORDER

IT IS ORDERED that:

1.      Plaintiff Charles Sheppard's motion for reconsideration (dkt. 22), is GRANTED IN PART and DENIED IN PART.  Sheppard is GRANTED leave to proceed on his claim that Dr. Paul Sumnicht violated his rights under the Eighth Amendment and state negligence law by discontinuing his prescription seizure medication. Sheppard's motion is DENIED in all other respects.

2.      Sheppard's motion for assistance in recruiting counsel (dkt. 23) is DENIED WITHOUT PREJUDICE.

Entered this 20th day of April, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER

Magistrate Judge

5