IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHARLES SHEPPARD,

              Plaintiff,

v.

OFFICER SCHULTZ, *et al.*,

              Defendants.

ORDER

14-cv-797-slc

Plaintiff Charles Sheppard is proceeding on claims that Officer Schultz, Nurse Schaffer and Paul Sumnicht violated his rights under the Eighth Amendment and state law by denying him access to his prescription seizure medication and causing him to suffer severe seizures and injury. In the March 14, 2016 screening order, I denied plaintiff's request to proceed with a claim against Belinda Schrubbe, the HSU Manager at Wisconsin Secure Program Facility. I subsequently denied a motion for reconsideration regarding his proposed claim against Schrubbe, explaining that plaintiff had not alleged facts suggesting that Schrubbe should be held personally liable for the denial of his seizure medication. In particular, plaintiff had not alleged that Schrubbe approved, condoned, or turned a blind eye to the denial of his seizure medication, or even that she was aware that his seizure medication had been canceled. He also had not alleged that Schrubbe was responsible for reviewing, approving or second-guessing decisions regarding medication by physicians or other medical providers at the prison, or that she knew or should have known that policies relating to the discontinuation of medication could result in inmates suffering a substantial risk of serious harm.

Plaintiff has now filed a second motion for reconsideration regarding his proposed claim against Schrubbe. Dkt. 31. He attaches information obtained from defendants during discovery suggesting that Schrubbe *was* personally involved in the decision to discontinue his seizure medications. *See* dkt. 31-1. Based on this information, plaintiff will be permitted to proceed against Schrubbe as a defendant on his Eighth Amendment and state law claims.

Plaintiff has also renewed his request for assistance in recruiting counsel, stating that he is worried this case will involve complex medical terms that he will not understand or be able to respond to adequately. For the reasons already explained to plaintiff in my previous order denying his request for counsel, dkt. 25, this motion will be denied without prejudice. It is still too early to conclude that the complexity of the case exceeds plaintiff's ability to litigate it. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). Although this is a medical care case that may present some complex medical questions, plaintiff's submissions to date show that he has been able to grasp the most relevant legal and factual issues. Additionally, as I explained to plaintiff both in my previous orders and during the Preliminary Pretrial Conference, his claims are actually more straightforward than those in many medical care cases, in that his claims relate to a narrow set of events within a narrow time-frame. Until I more fully understand the nature of defendants' defenses and the arguments that will be made, I cannot determine whether this case will require delving into complex medical issues or whether a medical

expert will be required. It may be that this case will be resolved on more straightforward grounds.

In sum, I am not yet persuaded that plaintiff's case is so complex or his skills so lacking that recruitment of counsel is warranted at this time. If at any point it appears that plaintiff does need the assistance of counsel, then I will immediately reconsider this ruling.

ORDER

IT IS ORDERED that plaintiff Charles Sheppard's motion for reconsideration (dkt. 31) is GRANTED IN PART and DENIED IN PART. Plaintiff is GRANTED leave to proceed on his claim that Belinda Schrubbe violated his rights under the Eighth Amendment and state negligence law by discontinuing his seizure medication. His request for assistance in recruiting counsel is DENIED WITHOUT PREJUDICE.

Entered this 16th day of August, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

3