IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHARLES SHEPPARD,

                Plaintiff                    OPINION AND ORDER

v.                                          14-cv-797-slc

OFFICER SCHULTZ, *et al.*,

                Defendants.

---

*Pro se* plaintiff Charles Sheppard is proceeding in this case on claims that Officer Schultz, Nurse Schaffer, Paul Sumnicht and Belinda Schrubbe violated his rights under the Eighth Amendment and state law by denying him access to his prescription seizure medication and causing him to suffer severe seizures and injury. Plaintiff has filed a motion for discovery sanctions, (dkt. 34), and a renewed motion for assistance in recruiting counsel or a medical expert (dkt. 42). I am denying both motions for the reasons provided below:

        I.        **Motion for Sanctions**

Plaintiff argues that defendant Sumnicht and defense counsel should be sanctioned because Sumnicht has answered plaintiff's requests for admissions dishonestly and, in doing so, violated plaintiff's rights under the Health Insurance Portability and Accountability Act of 1996 (HIPPA) by reviewing his psychiatric records without permission. Defendants have since updated Sumnicht's admissions responses to address plaintiff's concerns and to clarify Sumnicht's position as to why plaintiff's seizure medication was canceled. Plaintiff's remaining objections to Sumnicht's responses amount to disputes about whether the evidence—in particular, the timing of plaintiff's medical appointments and reports—actually supports Sumnicht's explanation for cancelling plaintiff's medication.

Plaintiff essentially is asking the court to accept as true his version of what happened and to sanction defendants for providing a different version. That's not the way discovery works. Plaintiff should renew these arguments at the summary judgment phase, when plaintiff will have the opportunity to present his interpretation of the evidence and attempt to undermine Sumnicht's defense. At this stage, nothing about Sumnicht's responses are grounds for monetary sanctions.

As for plaintiff's concerns about a HIPPA violation, plaintiff argues (in his reply brief) that he never gave any of the named defendants permission to view his psychiatric records and that, because defendants have now admitted to viewing them, he wishes to rescind the medical release he provided previously to the DOJ attorneys assigned to the case. Neither party has submitted the medical release plaintiff signed. However, I would be surprised if the medical release prohibited the named defendants from reviewing all of plaintiff's DOC medical records. Although a party has the right to maintain the confidentiality of information that falls within the doctor-patient privilege, a party cannot have it both ways: he cannot put his mental and medical health in issue then deny his opponents access to relevant medical and psychiatric records by asserting the privilege. When a plaintiff denies his opponents access to relevant records, then the court has to determine what justice requires under the circumstances, including possible dismissal of the lawsuit. *See* Fed. R. Civ. P. 37 (c) (authorizing court to dismiss an action or proceeding for failure to obey an order to provide or permit discovery).

In this case, plaintiff claims that defendants improperly cancelled his seizure medicine, while defendants maintain that the medicine was canceled because plaintiff does not have a true seizure disorder. Plaintiff's medical and mental health records are undoubtedly relevant and

2

defendants are entitled to review information related to plaintiff's psychiatric and physical conditions both before and after the incidents in this lawsuit. Therefore, I will not grant plaintiff's request to rescind his medical release unless and until plaintiff files a sworn statement confirming that he wishes to voluntarily dismiss his lawsuit in order to maintain the confidentiality of his medical and psychiatric information.

## II.     Renewed Motion for Assistance in Recruiting Counsel or an Expert

Finally, plaintiff has renewed his request for court assistance in recruiting counsel or a medical expert. He states that this case is complex and he thinks that a lawyer or an expert would be able to point out the inconsistencies in and inadequacies of defendants' purported explanations for cancelling plaintiff's seizure medication. For reasons already explained to plaintiff in two previous orders denying his request for counsel, I am for the third time denying plaintiff's request without prejudice because this lawsuit hasn't progressed far enough yet. Very little has changed between the time plaintiff filed his previous requests for counsel and his most recent request. If anything, plaintiff has demonstrated his ability to contact the court with questions, to obtain discovery from defendants and even to obtain concessions and supplemental responses when he believes defendants' discovery responses are inadequate. In short, plaintiff has demonstrated his ability to be a capable advocate for himself.

As for the medical issues in this case, I will review the parties' arguments and evidence at summary judgment to determine whether plaintiff genuinely needs a medical expert or the assistance of a lawyer. At this stage, however, I am confident that the complexities of this case do not exceed plaintiff's ability to litigate it.

ORDER

IT IS ORDERED that:

1. Plaintiff Charles Sheppard's motion for sanctions (dkt. 34), is DENIED. If plaintiff wishes to withdraw consent for defendants to view his medical records, he must file a copy of the medical release as well as a sworn statement confirming that he wishes to voluntarily dismiss his lawsuit in order to maintain the confidentiality of his medical and psychiatric information.

2. Sheppard's renewed motion for assistance in recruiting counsel or an expert (dkt. 42) is DENIED WITHOUT PREJUDICE.

Entered this 12th day of December, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge